UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,    **MEMORANDUM AND**
    **ORDER**
    11 CV 6274 (BMC)
                  Plaintiff,

        -against-

US DISTRICT COURT EASTERN AND SOUTHERN
DISTRICTS OF NEW YORK; MR. GLEESON AND
ALL JUDGES WHO HAVE DISMISSED PLAINTIFF'S
CASES, FROM 7 TO 8 MONTHS AGO ALL THE
WAY BACK TO 2003; GOVERNOR CUOMO;
V.P. BIDEN; A.G ERIC HOLDER; ELLIOT SPITZER

                 Defendants.
------------------------------------------------------------------x
COGAN, United States District Judge:

       Plaintiff filed this *pro se* action on December 16, 2011. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and for the reasons discussed below, plaintiff's complaint is dismissed.

       Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." "An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).

       At the pleadings stage of the proceeding, the Court must assume the truth of "all

well-pleaded, nonconclusory factual allegations in the complaint." Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009)). A complaint must nevertheless plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007).

It is axiomatic that *pro se* complaints are held to less stringent standards than pleadings drafted by attorneys. And the Court is required to read the plaintiff's *pro se* complaint liberally and to interpret it as raising the strongest arguments it suggests. See Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173 (1980); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-93 (2d Cir. 2008).

In the instant action, plaintiff names as defendants, *inter alia*, the United States District Courts for the Southern and Eastern Districts, Judge Gleeson, and any and all Judges who have dismissed plaintiff's previous actions. But judges have absolute immunity for their judicial acts performed in their judicial capacities. Mireles v. Waco, 502 U.S. 9, 11, 112 S. Ct. 286 (1991); Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S. Ct. 1099 (1978). This absolute "judicial immunity is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." Mireles, 502 U.S. at 11, 12-13, 112 S. Ct. 286 (internal quotation marks omitted). Accordingly, to the extent that plaintiff seeks to bring suit against Judge Gleeson or any Judge that has presided over plaintiff's actions, they are entitled to absolute judicial immunity and the complaint must be dismissed against them. See 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff's remaining allegations continue to allege a series of fantastical and elaborate

2

conspiracies to deprive him of various constitutional rights.  Because the complaint is devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaint must be dismissed as frivolous and because it fails to state a claim upon which relief may be granted.[1]

Accordingly, plaintiff's complaint filed *in forma pauperis* is dismissed for failure to state a claim upon which relief may be granted, as frivolous, and because they seek monetary relief against defendants who are entitled to immunity.  See 28 U.S.C. § 1915(e)(2)(B).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).  The Clerk of the Court is directed to mail a copy of this Order to plaintiff *pro se*.

**SO ORDERED.**

                                        signed electronically/Brian M. Cogan
                                                 U.S.D.J.

Dated: Brooklyn, New York
       December 30, 2011

---

[1] Plaintiff has now filed 38 cases in this Court, most of them wholly without merit.  Judges in this District have repeatedly warned plaintiff about filing frivolous actions and abusing judicial resources to no avail.  And by Order dated December 22, 2011, I dismissed two other complaints filed by plaintiff and ordered him to show cause why he should not be enjoined from filing any future actions in this District without the Court's permission.  See Gamez v. New York State of Tyranny, 11-cv-6128; Gamez v. New York, 11-cv-6132.